

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| vs. | § | CRIMINAL ACTION NO.: 3:18-418-MGL-1 |
| | § | |
| ANTONIO R. WOODS, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

## I. INTRODUCTION

Pending before the Court is Defendant Antonio R. Woods's (Woods) second pro se motion asking the Court to reduce his sentence due to the COVID-19 pandemic. To the extent Woods asks for a new place of confinement, this is outside the Court's authority. *See* 18 U.S.C. § 3621(b) (stating the Bureau of Prisons (BOP) shall designate the place of a prisoner's imprisonment). Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Woods's motion to reduce his sentence will be denied.

## II. FACTUAL AND PROCEDURAL HISTORY

The grand jury indicted Woods on five counts of knowingly, intentionally, and unlawfully possessing with the intent to distribute and distributing a quantity of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts One, Two, Three, Four, and Five), and a forfeiture count.

On January 10, 2019, Woods pled guilty to Count One of the indictment, and Counts Two, Three, Four, and Five were dismissed upon motion by the government. The Court, on June 26, 2019, sentenced him to a term of imprisonment of 151 months and, upon release, a term of supervised release for three years with standard and special conditions to include substance abuse testing. Woods is currently housed at Federal Correctional Institution Loretto (FCI Loretto), and has a projected release date on or about September 23, 2028.

Woods previously filed a motion for compassionate release that the Court denied. *See* April 20, 2021, Order. Woods then filed this motion to reduce his sentence, the government responded, and Woods replied. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III.     STANDARD OF REVIEW

A court may modify a term of imprisonment under only three specific circumstances. First, a court may modify a sentence as "permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B); *see also* Fed. R. Crim. P. 35 (allowing a reduction in sentence upon a motion by the government based on substantial assistance from the defendant or within fourteen days of the sentence when there is a clear error in the sentence). Second, a court may modify a sentence when the imposed "term of imprisonment [is] based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

And third, 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, permits modification of a term of imprisonment upon motion of the defendant after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf

2

or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A)(i). If "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission[,]" the Court may reduce a defendant's term of imprisonment and may impose a term of probation or supervised release that does not exceed the unserved portion of the original term of imprisonment. *Id.* This statute also provides the Court must consider "the factors set forth in [S]ection 3553(a) to the extent that they are applicable[.]" *Id.*

The applicable Sentencing Commission policy statement referenced in Section 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13 ("Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)"). U.S.S.G. § 1B1.13 provides that the Court may reduce a term of imprisonment if the Court determines 1) "extraordinary and compelling reasons warrant the reduction,"; 2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g),"; and 3) "the reduction is consistent with this policy statement." U.S.S.G. §1B1.13. However, U.S.S.G. § 1B1.13 addresses motions for reductions that are filed by the Director of the BOP and it does not contain a policy statement that specifically addresses motions for reductions that are filed by an inmate defendant.

The Fourth Circuit recently issued a published opinion providing guidance on the arguments district courts can consider in determining whether "extraordinary and compelling" reasons exist to grant compassionate release. *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). In *McCoy*, the Fourth Circuit discerned "[t]here is of now no 'applicable' policy statement governing compassionate-release motions by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider *any* extraordinary

and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). Ultimately, the determination of whether extraordinary and compelling reasons exist in a particular case is a question reserved to the sound discretion of the district court.

## IV. DISCUSSION AND ANALYSIS

Woods fails to argue either of the first two scenarios is applicable. Rather, he moves for reduction in his sentence solely on the basis of the third circumstance, alleging COVID-19, when taken with his underlying medical conditions, qualifies as an extraordinary and compelling reason to warrant relief.

Turning to the merits of Woods's motion, as discussed above, the Court may reduce a defendant's sentence if it concludes extraordinary and compelling reasons warrant such a reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *McCoy*, 981 F.3d at 284. The Court must also consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

### A. *Whether Woods presents extraordinary and compelling reasons warranting a reduction of his sentence*

As noted by the Court in its April 20, 2021, Order, Woods contends he "suffers from hypertension and is prescribed Amlodipine, Hydrocholorothiazide, Lisinopril, Duloxetine delayed-release capsules, and Buspirone[,]" *id.* at 4, and he also suffers from obesity, s*ee id.* at 5. Woods avers he is "ill-equipped to contain the pandemic and prevent COVID-19 from spreading to other inmates and staff members thereof." Mot. at 6.

The government notes "the Court rejected [Woods's previous motion for compassionate release] on the merits, concluding Woods failed to establish extraordinary and compelling reasons

4

that would justify a sentence reduction[.]" Government's Resp. in Opp'n at 1. The government also argues Woods's motion must be denied due to his refusal to take the Pfizer COVID-19 vaccine. *See id.* at 11 (citing Woods's 2021 Medical Records) ("On April 13, 2021, Woods was offered the Pfizer COVID-19 vaccine and refused to have it administered.").

In reply, Woods posits "refusing the vaccine should not exclude myself from the extraordinary and compelling reason of being granted [c]ompassionate [r]elease, after having contracted the virus and [suffering ongoing] symptoms which medical staff here at F.C.I. Loretto fail to address." Reply at 2. Woods further opines "the vaccines are NOT mandatory, and [are] NOT 100% guaranteed to be effective against COVID-19 and could further complicate my health conditions." *Id.*

Furthermore, and most importantly, evidence of Woods's current placement heavily weighs against a determination extraordinary and compelling reasons warrant a reduction in his sentence. According to the BOP COVID-19 case tracker, zero inmates at FCI Loretto are infected with COVID-19. *See COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited July 12, 2021). The nonexistence of COVID-19 among the inmate population at FCI Loretto, the Court concludes, is due in part to the strong vaccination efforts of the BOP in general, as well as FCI Loretto in particular.

The BOP also maintains a website detailing the number of doses of the COVID-19 vaccine it has received and administered. *See COVID-19 Vaccine Implementation*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited July 12, 2021 (showing the BOP has administered 200,751 doses out of 194,000 received, over a one-hundred-percent administration rate due to being able to extract a sixth dose out of a five-dose vile in certain circumstances). This website also notes the number of "Full Staff Inoculations Completed" as well as "Full Inmate

Inoculations Completed" for each BOP facility. *Id.* According to this website, 132 employees of FCI Loretto have been fully vaccinated, as well as 586 inmates. *Id.* And, vaccine doses to inmates are "based on priority of need in accordance with CDC guidelines." *Id.*

Consequently, the lack of COVID-19 in the FCI Loretto inmate population, the strong vaccination efforts of the BOP, and Woods's failure to take the Pfizer COVID-19 vaccine, lead the Court to conclude Woods fails to establish extraordinary and compelling reasons warrant a reduction in his sentence. Alternatively, even if the Court concluded Woods demonstrated extraordinary and compelling reasons warranted a reduction in his sentence under Section 3582(c)(1)(A), his motion would be denied based on an analysis of the Section 3553(a) factors.

### B. *Whether the Section 3553(a) factors weigh in favor of release*

As noted above, the Court, in considering a motion for compassionate release, must consider the factors under 18 U.S.C. § 3553(a), as required by 18 U.S.C. § 3582(c)(1)(A). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct . . . [and] to protect the public from further crimes by the defendant;" "the kinds of sentences available;" "any pertinent policy statement[;]" "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

As recently noted by the Fourth Circuit in a published opinion, "the text of 18 U.S.C. § 3582(c)(1) does not specify what conclusion a district court must draw from the § 3553(a) factors in order to grant a motion for compassionate release" and "§ 3582(c)(1) merely requires district courts to 'consider[]' the relevant § 3553(a) factors." *United States v. Kibble*, 992 F.3d 326, 331 fn 3 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)). Thus, "this language [provides] the district

courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release." *Id.*

Here, the Court concludes the Section 3553(a) factors weigh heavily against release for the same reasons as discussed in the April 20, 2021, Order denying Woods's previous motion for compassionate release. The nature of Woods's offense is serious. He pled guilty to possessing with the intent to distribute and distributing a quantity of cocaine. This dangerous drug negatively impacts our society and communities throughout the country. Furthermore, Woods's criminal history is extensive, and he was classified as a career offender under the Sentencing Guidelines. *See* Presentence Investigation Report (PSR) ¶ 45. Additionally, Woods committed the instant offense while under a term of supervision. *Id.* ¶ 43. Woods has shown an inability to abide by the conditions of bond or probation, and Woods fails to present any evidence to the Court demonstrating a change in his behavior.

Also, Woods has served only a small fraction of his sentence, and granting him relief in this case would produce unwarranted sentencing disparities for others accused these serious crimes. Lastly, as the Court sentenced Woods on June 26, 2019, the balance of the Section 3553(a) factors since his sentencing have not changed in a way that would warrant relief.

Consequently, based on the Court's analysis and balancing of the Section 3553(a) factors, a reduction in sentence to release Woods is inappropriate.

## IV. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Woods's motion to reduce his sentence is **DENIED**.

**IT IS SO ORDERED.**

Signed this 13th day of July 2021, in Columbia, South Carolina.

                                                  s/ Mary Geiger Lewis
                                                  MARY GEIGER LEWIS
                                                  UNITED STATES DISTRICT JUDGE